UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ILJIN USA,

       Plaintiff,

v.                                                Case No. 06-10145
                                                Hon. Victoria A. Roberts

NTN CORPORATION,

       Defendant.
_____

## ORDER GRANTING STAY

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to stay all proceedings. For the following reasons, the Court **GRANTS** the Motion.

**II.    BACKGROUND**

This case arises out of alleged patent infringement. On January 10, 2006, Plaintiff, ILJIN USA ("ILJIN"), filed a Complaint seeking a declaratory judgment that: (1) ILJIN has not infringed on Defendant NTN Corporation's ("NTN") patent; (2) NTN's patent is invalid; and (3) NTN's patent is unenforceable.

ILJIN and NTN manufacture axle bearing assemblies. On October 24, 2005, NTN filed a complaint with the International Trade Commission ("ITC"). NTN alleged ILJIN is infringing on its U.S. Patent No. 5,620,263 ('263 patent). The ITC's investigation began on November 18, 2005. A hearing is scheduled for June 26, 2006.

1

The Administrative Law Judge is to issue an initial determination no later than September 28, 2006. A final determination is due by December 28, 2006.

NTN seeks a stay of these proceedings at least until December 28, 2006, the ITC'S deadline for a final determination. ILJIN opposes the stay, arguing that NTN has not demonstrated the necessary grounds.

### III.  APPLICABLE LAW AND ANALYSIS

The parties dispute the standard the Court is to apply in deciding whether to issue a stay of proceedings pending the outcome of an ITC investigation.

NTN argues the Court should apply the standard in *Ralph Gonnocci Revocable Living Trust v. 3M Tool & Machine, Inc.*, 68 U.S.P.Q.2d 1755 (E.D.Mich. 2003). In *Gonnocci*, the court ruled on whether to grant a stay of district court proceedings pending the U.S. Patent and Trademark Office's ("PTO") reexamination of a patent. The court cited three factors to be considered: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and, (3) whether discovery is complete and whether a trial date has been set. *Id.* at 1757. In its discussion the court found that although there were factors supporting both parties, "on, balance...the interests of the parties and the court weigh in favor of a stay." *Id.* at 1758.

The *Gonnocci* court considered the resources that would be spent by the parties and the court in litigating the case. The court also considered that a determination from the PTO would simplify the action. The court did not address prejudice to the plaintiff if the stay was granted or hardship to the defendant if denied.

ILJIN claims *Gonnocci* is inapplicable because it involved a request to stay

2

because of a pending patent reexamination by the PTO, not an investigation by the ITC. ILJIN correctly points out that the factors relied on by the *Gonnocci* court were cited in another case that dealt with patent reexamination as well.

NTN also relies on *Tompkins Seals, Inc. v. The West Co.*, 229 U.S.P.Q. 469 (E.D.Penn. 1985). In *Tompkins,* the court granted a stay pending resolution of the defendant's complaint for unfair competition and unfair acts of importation and sale with the ITC. The plaintiff had sought a declaratory judgment that it was not infringing upon the defendant's trademark.

In granting the stay, the *Tompkins* court held that a stay would: (1) allow the plaintiff to devote its full attention to the ITC investigation; (2) eliminate the possibility of waste of judicial time and money from simultaneous proceedings; and (3) eliminate the possibility of conflicting rulings. *Id.* at 470. The court also stated that the ITC possesses special competence regarding such claims. *Id.* at 471. The court did not assess the prejudice to the non-movant or hardship to the movant.

ILJIN claims the proper standard to be applied in this case was set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936), and the *Tompkins* court erred in not applying it. In *Landis,* the Court considered a stay while a decision was pending in another. The issue in both cases was the validity of the Public Utility Holding Company Act. The Court held "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 255. The Court stated that in determining whether to grant a stay the court should weigh the competing interests. *Id.* The Court held that a movant for a stay must demonstrate hardship or inequity if it is

required to go forward. *Id.* However, the Court also stated that only in rare circumstances would a litigant in one cause, be compelled to stand aside while a litigant in another cause, settles a rule of law that would define the rights of both. *Id.*

*Landis* may be less applicable inasmuch as it did involve different parties to different cases, and different issues. But, while the parties do not agree on the standard which applies when a district court considers a stay pending resolution of an investigation by the ITC involving a patent, it is unassailable that issues of judicial economy and balancing the interests of the parties and the Court are to be taken into account.

Here, the ITC claim was filed before the district court Complaint. The proceedings are more advanced in the ITC case than in the district court. There has not been substantial discovery in this case. Indisputably, it would conserve judicial resources to allow the ITC investigation to at least narrow the issues before this case procedes, with the added benefit of potentially avoiding conflicting decisions. Additionally, as the *Tompkins* court noted, the ITC is more experienced in deciding patent disputes than the district court. Lastly, ILJIN does not present any persuasive reason why a stay should not issue.

Accordingly, a stay will issue and be in effect until December 28, 2006 - the deadline for a final determination from the ITC.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** NTN's Motion to stay proceedings

4

until December 28, 2006.  The hearing on this Motion, set for March 13, 2006, is cancelled.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  March 7, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 7, 2006.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**